The Honorable Randy Laverty State Senator Post Office Box 303 Jasper, Arkansas 72641-0303 *Page 1 
Dear Senator Laverty:
I am writing in response to your request for my opinion on the following questions relating to the proposed sale of a nursing home owned by Marion County:
 1. Under the provisions of A.C.A. 14-16-105 for the sale of county property, does subsection (4)(A) mean the County Judge ("Judge") has in effect "accepted the bid" once he calls a meeting of the Board of Approval ("Board") and submits the bid to the Board for its approval?
 2. Since the Judge has the absolute right under subsection 3 to reject the bid prior to referring it to a vote of the Board, then is the "may" in subsection (4)(B)(i) merely intended to be a part of the "checks and balances" system so that it contemplates that once the Judge has accepted the bid and referred it to the Board for a vote, then the Board votes to accept the bid, the Judge "may," or in other words, "is authorized to," continue with the conveyance of the property, therefore negating the interpretation that the "may" in this subsection means that the Judge "may" or "may not" follow the recommendation of the Board?
 3. Is the Judge required to follow the recommendation of the Board in determining whether a bid for the purchase of county property *Page 2 
shall be accepted or is the Board's vote merely advisory so the Judge "may" or "may not" follow the recommendations of the Board?
 4. If the answer to question 3 is "yes," the Board's decision is merely advisory, then under these facts and assuming all requirements of the RFP have been met and only one qualifying bid has been submitted, does the Judge still have the discretion to refuse to accept the bid?
 5. In the event the bid has been accepted by the Judge's submission to and calling of a meeting of the Board and the bid has been accepted by the Board, can the county then be held liable for any damages incurred by the bidder for the Judge's refusal to then convey said property as proposed by the RFP and recommended by the Board?
You report that only one bid was made in accordance with law but that the county judge has failed to act to accept the bid.
RESPONSE
With respect to your first question, I believe the county judge's initial "acceptance" of a bid is provisional, given that under the statute no contractual obligation arises until the board has approved the "acceptance." With respect to your second question, I believe that the term "may" in the statute is meant to indicate that following the county judge's provisional acceptance of a bid and the board's approval thereof, the county judge is authorized to proceed with the sale. I do not believe the county judge retains discretion to reject the bid following the board's approval. The board's approval marks an acceptance of the bid, triggering a contractual obligation. With respect to your third question, in light of the conclusion just stated, in my opinion the county judge is obligated to act upon the board's determination, which is not purely advisory. With respect to your fourth question, in my opinion the county judge no longer has discretion to refuse a bid once the board has approved his provisional acceptance. With respect to your fifth question, in my opinion the board's approval of a bid marks the sealing of a contract that might support an action for breach by a bidder whose bid has been rejected following its acceptance. Only a finder of fact could determine what damages, if any, a bidder may have suffered if the county reneges on the contract. *Page 3 
 Question 1: Under the provisions of A.C.A. 14-16-105 for thesale of county property, does subsection (4)(A) mean the CountyJudge ("Judge") has in effect "accepted the bid" once he calls ameeting of the Board of Approval ("Board") and submits the bid tothe Board for its approval?
In my opinion, the county judge's "acceptance" of a bid is conditional unless subsequently approved by the board.
Section 14-16-105 of the Arkansas Code (Supp. 2009) provides in pertinent part:
 (b)(1) Whenever the county judge of any county shall consider it advisable and to the best interest of the county to sell and convey any real or personal property belonging to the county, he or she shall cause an order to be entered in the county court setting forth:
 (A) A description of the property to be sold;
 (B) The reason for the sale; and
 (C) An order directing the county assessor to cause the property to be appraised at its fair market value and to certify his or her appraisal thereof to the county court within a time to be specified in the order.
 * * * (e)(1)(A)(i) If the appraised value of the property to be sold exceeds the sum of two thousand dollars ($2,000), the county judge may sell the property to the highest and best bidder, upon sealed bids received by the judge.
 (ii) The sheriff, the treasurer, and the circuit clerk of the county in which the property is to be sold shall constitute a board of approval for the sales, and the judge shall be the ex officio chair of the board without a vote.
 (B) Such property, when it exceeds the appraised value of two thousand dollars ($2,000), shall not be sold for less than three-fourths (3/4) *Page 4 
of its appraised value as determined by the certificate of the assessor.
 * * * (D)(3) The judge shall have the right to reject any and all bids received by him or her pursuant to the notice.
 (4)(A) When the judge has accepted a bid for the property, he or she, as chair of the approval board, shall immediately call a meeting of the board, and the proposals to sell at the acceptable bid shall be submitted to the board for its approval.
 (B)(i) If a majority of the board approves the sale, then the judge may sell and convey the property to the highest bidder.
 (ii) When the sale has been approved and completed, the county court shall enter an order approving the sale, which shall set forth the details of the sale as provided in subdivision (d)(2)(B) of this section.
In my opinion, as reflected in subsection (e)(1)(D)(3) of this statute, the county judge in the first instance has unfettered discretion to reject any bid he or she receives, regardless of whether the bid exceeds ¾ of the property's appraised value. However, once the county judge has decided not to reject a bid, I believe the "acceptance" referenced in subsection (e)(4)(A) is clearly provisional and subject to the subsequent approval of the board. It would be absurd, after all, for the county judge categorically to accept a bid and then to submit that acceptance to an advisory board for a purely ceremonial "approval." In this regard, I will note that the statute requires the approval of the board for the sale to proceed. This statutory requirement of approval by law becomes a provision of any contract negotiation.See Mahurin v. Oaklawn Jockey Club,299 Ark. 13, 771 S.W.2d 19 (1989) (declaring that the law in effect at the time a contract is made forms a part of the contract as if it had been expressed in the contract).
Question 2: Since the Judge has the absolute rightunder subsection 3 to reject the bid prior to referring it to a voteof the Board, then is the "may" in subsection (4)(B)(i) merelyintended to be a part of the "checks and balances" system so that itcontemplates that once the Judge has accepted the bid and *Page 5 referred it to the Board for a vote, then the Board votes toaccept the bid, the Judge "may," or in other words, "is authorizedto," continue with the conveyance of the property, thereforenegating the interpretation that the "may" in this subsection meansthat the Judge "may" or "may not" follow the recommendation of theBoard?
Although your question is rather complicated in its syntax, in my opinion the answer is "yes."
Subsection 14-16-105(e)(4)(B)(i) provides as follows: "If a majority of the board approves the sale, then the judge may sell and convey the property to the highest bidder." Subsection (e)(3) of the statute authorizes the county judge initially to reject any bid. Subsection (e)(4)(A), which is set forth above, authorizes the county judge to accept a bid that accords with the terms of the statute but crucially conditions that acceptance upon the judge's submitting the bid to the board for approval. Given this context, I believe the term "may" as used in subsection (e)(4)(B)(i) must be read as indicating that upon board approval, the county judge is authorized to proceed with the sale. I do not believe that the term "may" should be read as suggesting that the county judge retains discretion to accept or reject the bid after he has provisionally "accepted" it and the board has approved the sale. To suggest that the county judge would retain such discretion after his provisional acceptance and the board has approved the sale would render the board's role meaningless. In short, in my opinion the county judge's role following board approval is purely ministerial insofar as he is thereafter obliged to proceed with the sale.[1]
 Question 3: Is the Judge required to follow the recommendationof the Board in determining whether a bid for the purchase of countyproperty shall be accepted or is the Board's vote merely advisory sothe Judge "may" or "may not" follow the recommendations of theBoard?
As reflected in my responses to your previous questions, in my opinion the county judge is obliged to abide by the board's approval following his provisional acceptance of the bid. Stated differently, I believe the board's approval following the county judge's provisional acceptance of a bid removes what had been the county judge's discretion to reject any bid under subsection (e)(3) of the statute. *Page 6 
 Question 4: If the answer to question 3 is "yes," the Board'sdecision is merely advisory, then under these facts and assuming allrequirements of the RFP have been met and only one qualifying bidhas been submitted, does the Judge still have the discretion torefuse to accept the bid?
As reflected in the foregoing, I do not consider the board's decision to approve a bid following the county judge's provisional acceptance "merely advisory." The board's decision to approve or disapprove the county judge's provisional acceptance is obligatory, which necessarily renders that decision more than merely "advisory." Following the board's approval, I believe the bid has been accepted, which removes the county judge's initial discretion to reject a bid.
Question 5: In the event the bid has been accepted by theJudge's submission to and calling of a meeting of the Board and thebid has been accepted by the Board, can the county then be heldliable for any damages incurred by the bidder for the Judge'srefusal to then convey said property as proposed by the RFP andrecommended by the Board?
In my opinion, the county judge's provisional acceptance and the board's approval thereof amounts to an acceptance of an offer under standard principles of contract law. If the county reneges on this contract, I believe it would be subject to an action for breach of contract. The question of whether a bidder in any given instance has suffered any detrimental reliance giving rise to damages is one of fact that I am neither authorized nor equipped to address.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/JHD:cyh
[1] My inquiries reveal that a primary purpose of having the county court enter an order detailing the terms of a sale has always been to expedite auditing a county's disposition of its property. This practical consideration would appear to reinforce the conclusion reached in my text. *Page 1